JOSEPH M. STOCKERT

v.

MACKEY, NISBET & CO.

*Landlord and Tenant—Leased Ground—Building upon—Privilege of Removal—Pleading—Common Counts.*

Evidence under common counts in assumpsit held to have been inadmissible to sustain a recovery by the owners of a house, which was personal property, against a party who had tortiously removed the same.

[Opinion filed February 4, 1890.]

APPEAL from the Circuit Court of Jasper County; the Hon. WM. C. JONES, Judge, presiding.

Kinsel & Barker bought of S. R. Barker material to erect a storehouse on a village lot in Falmouth. Their title to the lot was a lease for the term of one year, made to them by Langel. The lot was leased and storehouse built with privi-

lege to remove same. The money for the material became due November 10, 1886, and on the 12th of March, 1887, S. R. Barker filed a petition in the Jasper Circuit Court to enforce a material-man's lien. On the 4th of April, 1887, a declaration was filed, with a proper affidavit of the execution and delivery of the note, and judgment confessed by Kinsel & Barker in favor of Mackey, Nisbet & Co. for $112.47. Execution issued on that judgment on the date of its rendition, and the same was levied on the store building as personal property, and on the 3d of May, 1887, the property levied on was sold by the sheriff to Mackey, Nisbet & Co. for the sum of $80, and possession delivered.

On May 20, 1887, the petition for material-man's lien was dismissed as to Langel; the court found the amount due from Kinsel & Barker to be $42.20, and decreed the same as a lien on the storehouse and directed its sale, and directed the master to deliver possession, but provided for no redemption, and with no finding as to an interest in the land.

On July 29, 1887, the master in chancery under that decree sold the storehouse to Joseph M. Stockert, who had been present and bid at the execution sale. The building was vacant and unoccupied. After the purchase Stockert removed the building to another lot; its value was about $200. Mackey, Nisbet & Co. brought suit against Stockert in action of assumpsit and filed a declaration containing only the common counts. Verdict and judgment for plaintiff, and defendant brings the record to this court by appeal and assigns as error the entering the judgment and the insufficiency of the proof to sustain the verdict, and that the evidence could not sustain a verdict and judgment under the pleadings in the case.

Mr. J. M. HONEY, for appellant.

Messrs. GIBSON & JOHNSON, for appellees.

PHILLIPS, J. The appellees, claiming to own a house which was personal property, claim the same was tortiously removed by appellant, and seek to recover the value of the house under

a declaration containing the common counts only. Conceding the facts to be as claimed, the evidence would not be admissible and would not authorize a verdict under the common counts in assumpsit. The facts proven were not admissible under the declaration. The verdict and judgment can not be sustained.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*